# IN THE COURT OF APPEALS OF IOWA

No. 25-0507
Filed April 15, 2026

**Michael Alexander Lajeunesse,**
Applicant–Appellant,

v.

**State of Iowa,**
Respondent–Appellee.

Appeal from the Iowa District Court for Polk County,
The Honorable Jeffrey Farrell, Judge.

**AFFIRMED**

Michael A. Lajeunesse, Anamosa, self-represented appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney
General, attorneys for appellee.

Considered without oral argument
by Greer, P.J., Chicchelly, J., and Doyle, S.J.
Opinion by Chicchelly, J.

**CHICCHELLY, Judge.**

Michael Lajeunesse appeals from the order dismissing his postconviction-relief (PCR) action for lack of prosecution.[1] He contends that the district court erred by requiring him to prepay filing fees under Iowa Code chapter 610 (2024). He also contends that the court did not serve him with a copy of the order stating its deadline for service and intent to dismiss the case for lack of prosecution, preventing him from requesting more time to satisfy service requirements. Finding no error, we affirm.

## BACKGROUND FACTS AND PROCEEDINGS

Lajeunesse is incarcerated on convictions for attempted murder and willful injury causing serious injury. This court affirmed the convictions on direct appeal and preserved his claims of ineffective assistance of counsel for PCR proceedings. *See State v. LaJeunesse*, No. 17-0507, 2018 WL 1099024, at *4–6 (Iowa Ct. App. Feb. 21, 2018).[2] Lajeunesse has brought three unsuccessful PCR actions, two of which this court affirmed on appeal. *See Lajeunesse v. State*, No. 21-0817, 2022 WL 1654831 (Iowa Ct. App. May 25, 2022); *Lajeunesse v. State*, No. 19-1715, 2022 WL 469408 (Iowa Ct. App. Feb. 16, 2022).

In November 2024, Lajeunesse filed this action, asking that the court vacate the prior PCR rulings and allow him to bring the ineffective-assistance

---

[1] Although Lajeunesse captioned this action as a "Petition for Declaratory Judgment," the supreme court found that it "is more properly considered a petition for [PCR] because that is the exclusive means to challenge a conviction." So we refer to the underlying action as a PCR action while mindful that it was not docketed or treated as such below.

[2] Because there is a discrepancy in the capitalization of his last name, we conform to the style used in the appellant's brief.

claims preserved on direct appeal for adjudication on the merits. At the same time, Lajeunesse moved "to proceed without prepaying the filing fee" due to his indigency. Because Lajeunesse is incarcerated, the court ordered that he pay twenty percent of the filing fee and make monthly payments of ten percent of the outstanding balance. *See* Iowa Code § 610A.1(1)(a). It denied his motion to reconsider the ruling.[3]

In February 2025, the court issued an order warning Lajeunesse that unless he filed proof of service or moved for an extension within twenty-eight days, it would dismiss the action. When neither occurred within the deadline, the court dismissed the action without prejudice and taxed costs to Lajeunesse.

Lajeunesse petitioned the Iowa Supreme Court for a writ of certiorari. Because the order dismissing the action was final, the supreme court treated the petition for writ of certiorari as a notice of appeal. It also deferred payment of the filing fee until final disposition, "at which time such costs and fees will be taxed to the unsuccessful party."

## SCOPE OF REVIEW

We review PCR proceedings for correction of errors at law. *Perez v. State*, 816 N.W.2d 354, 356 (Iowa 2012). "We review a motion to dismiss for failure to effect timely service of process for the correction of errors at law." *Wilson v. Ribbens*, 678 N.W.2d 417, 418 (Iowa 2004). We affirm if substantial

---

[3] The court noted that Lajeunesse's action "appears solely to be a collateral attack on [his] PCR cases" but declined to make any final conclusions as the State had not been served and there were no dispositive motions on file. It also noted that the service deadline was approaching.

evidence supports the district court's findings of fact and it correctly applied the law. *Id.*; *Perez*, 816 N.W.2d at 356.

## DISCUSSION

We begin by noting that Lajeunesse wants to vacate the rulings in his unsuccessful PCR actions and litigate the issues this court preserved when on direct appeal of his convictions. Simply put, no court has the power to grant him his requested relief. Lajeunesse's attempt to vacate prior PCR rulings is a collateral attack on a final judgment of another court, which can only be brought on jurisdictional grounds. *Sanford v. Manternach*, 601 N.W.2d 360, 363–64 (Iowa 1999). Lajeunesse had the opportunity to challenge those PCR rulings on appeal and did so, albeit unsuccessfully. Even if those rulings could be undone, Lajeunesse is beyond the statutory period for bringing those claims. *See* Iowa Code § 822.3 (requiring that PCR applications "be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued").

Setting those issues aside, Lajeunesse's claims on appeal lack merit. He first argues that the district court erred by requiring him to prepay the filing fee under section 610A.1(2). That section allows the district court to waive prepayment of filing fees "if it finds that the inmate does not have sufficient moneys in the inmate's account or sufficient moneys flowing into the account to make the payments required in this section." Iowa Code § 610A.1(2). Lajeunesse's argument is undermined by the certified statement of his inmate account attached to his motion to proceed without prepayment, which shows he had ample money flowing into it to pay twenty percent of the required filing fee.

4

Lajeunesse also argues that the court neglected to serve him with a copy of the order warning of its intent to dismiss the action if he did not follow the ninety-day service deadline set out in Iowa Rule of Civil Procedure 1.302(5). That order states: "In addition to all persons entitled to a copy of this order, the Clerk shall provide a copy to the following: PLAINTIFF- ANAMOSA STATE PENITENTIARY." There is no basis for Lajeunesse's claim that the court "intentionally failed" to serve the order on him.[4] The district court also cited the approaching deadline for service and the lack of service on the State when it denied Lajeunesse's motion to reconsider prepayment of the filing fees one month earlier.

**AFFIRMED.**

---

[4] Although Lajeunesse is self-represented, this court recognized his "continual engagement with the Iowa legal system" in a decision affirming dismissal of another action based on lack of prosecution for not serving notice on the defendants. *Lajeunesse v. Iowa Board of Medicine*, No. 20-1295, 2021 WL 5918403, at *2 (Iowa Ct. App. Dec. 15, 2021).

> At the core, Lajeunesse did not follow the required steps to move his case past dismissal. While he is treading into a world of legal deadlines and requirements, self-represented parties receive no preferential treatment. The law does not judge by two standards, one for lawyers and the other for lay persons. Rather, all are expected to act with equal competence. If lay persons choose to proceed pro se, they do so at their own risk.

*Id.* (internal quotation marks and citations omitted).